UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MARY WEST,

    Plaintiff,

v.                                             Case No. 19-cv-00731

MARCUS HOTELS, INC.

    Defendant.

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Mary West ("Plaintiff") and Defendant Marcus Hotels, Inc. ("Defendant") stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until October 31, 2021 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

    Marcus shall, within twenty-four (24) months of the Effective Date ("the Remediation Period"), use good faith efforts to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website ("ADA Compliant"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website(s) shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.) The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S. Circuit Court of Appeals covering a circuit in which Marcus operates, or the U.S. Department of Justice. However, if a judicial, legislative or regulatory body enacts

any legislation or rule, or if the United States Supreme Court or a U.S. Circuit Court of Appeals renders a decision, pursuant to which the Website is not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that Marcus will be relieved of the obligations set forth in this Section 2(C). If Marcus's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Marcus's control, the deadline shall be extended for the length of the delay.

Following the Remediation Period, Marcus shall, either on its own or through a third party vendor, monitor the Website on a periodic basis to ensure that it continues to be ADA Compliant. Marcus agrees that if any portion of the Website is discovered to be non-ADA Compliant, it will promptly remediate that portion of the Website and will cause it to be ADA Compliant.

Each party shall bear its own costs.

Date: December 6, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Keith E. Kopplin*
Keith E. Kopplin. WI State Bar No. 1044861
1243 North 10th Street, Suite 200
Milwaukee, WI 53205
Telephone: 414.239.6400
Facsimile: 414.755.8289
keith.kopplin@ogletree.com
**ATTORNEYS FOR DEFENDANT MARCUS HOTELS, INC.**

By: */s/ C.K. Lee*
    C.K. Lee
Lee Litigation Group, PLLC
148 West 24th Street, 8th Floor
New York, NY 10011
Direct: (212) 465-1180
cklee@leelitigation.com

**ATTORNEYS FOR PLAINTIFF MARY WEST**